IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
CHERISE MORRIS,                  )
                                 )
            Plaintiff,           )
                                 )
       v.                        )    No.  07 C 3907
                                 )
SGT. SHANE GORDON, et al.,       )
                                 )
            Defendants.          )
```

MEMORANDUM ORDER

This action is approaching its third anniversary with a joint effort to bring the case to trial. But the jointly-generated final pretrial order ("FPTO"), and now an Amended FPTO, have been accompanied by a host of motions in limine ("Motions") that have been narrowed as a result of this Court's efforts but continue to require rulings as to those remaining. This memorandum order will address the outstanding Motions.

Plaintiff's Motions

After this Court had commented critically on a number of defense counsel's responses to the Motions by plaintiff Cherise Morris ("Morris") or "Plaintiff"), defense counsel accompanied their Reply regarding defendants' own Motions with a letter that stipulated to P. Motion 1, which is therefore granted without opposition. That grant without opposition also extends to P. Motions 2, 3, 6 to 8, 14 and 15, to all of which defendants had interposed no opposition. This memorandum order turns, then, to the remaining P. Motions.

As to P. Motion 4, Plaintiff's Reply at 4 accurately points out the after-the-fact fabrication represented by Sgt. Gordon's sudden purported flood of recollection. Nor is that a mere matter of credibility to be resolved by the jury. Instead it constitutes highly prejudicial speculation that clearly calls for application of Fed. R. Evid. ("Evid. Rule") 403. P. Motion 4 is granted.

In like fashion, P. Motion 5 deals with a situation in which Sgt. Gordon's earlier total failure of recollection of any encounter with Morris is somehow replaced by a sudden assertion that the imposition of force that he didn't recall at all was purportedly justified. P. Motion 5 is granted as well.

As for P. Motion 9, Morris' limited claim of intangible harms knocks out the admissibility of her psychiatric record. Motion 9 is granted as well.

Motion 10 is likewise granted because Morris has dropped any wage loss claim. In addition, Plaintiff's Reply at 10-11 identifies what appears to be an egregiously false claim advanced by defendants.[1]

P. Motion 11 turns out to involve no controversy, for Plaintiff's Reply at 11-12 confirms that Morris' counsel is concerned only about keeping prospective witnesses (other than the individual parties themselves) from being in the courtroom to

---

[1] It is unnecessary to explore the latter issue further, for the claimed evidence is excluded in all events.

hear other witness' testimony.  With that understanding, the City of Harvey can of course opt not to designate a representative to attend the court proceedings at its counsel's table during the course of the trial.

As for P. Motion 12, it appears that defendants seek to elevate what their counsel describes as a "suspicion" to probable cause--terms of totally different content.  P. Motion 12 is also granted.

As for P. Motion 13, defendants follow a disclaimer with their already-referred-to effort to introduce Morris' psychiatric records.  That back-door effort is rejected, and P. Motion 13 is granted as well.

Finally, Morris' counsel recognizes that P. Motion 16 should be modified by deleting any reference to indemnification for potential punitive damages on the part of the City of Harvey.  With that modification, this Court assumes that the parties can reach agreement as to the narrowed stipulation.

## Defendants' Motions

At the March 15, 2010 status hearing, defense counsel confirmed which of their Motions had survived the winnowing-down process that had been triggered by this Court's oral directives and by the parties' ensuing conferences.  Those comprised D. Motions 7, 8, 10, 16 to 19 and 21.  What follows will address those still-open items.

D. Motion 7 is framed in terms of "bar[ring] evidence of any duty owed, other than those duties imposed by law." But defendants go beyond that by seeking to exclude not just evidence but even <u>argument</u>--for example, any argument that Sgt. Gordon's conduct was immoral. That position goes too far. For example, Seventh Circuit Civil Jury Instruction 7.24, as recommended by the committee appointed to draft proposed pattern jury instructions, lists "the reprehensibility of Defendant's conduct" as a factor to be considered in determining the amount of any punitive damages. In sum, D. Motion 7, as explicated by Defendants' Reply, is denied.

D. Motion 8 seeks "[t]o bar all evidence relating to prior complaints of misconduct made against Sgt. Shane Gordon." As with several of the other motions dealt with hereafter, the resolution of that motion required further input from the litigants. Those further submissions, made during March, plainly revealed insufficient smoke to justify a reasonable inference as to the existence of fire--there was no prior pattern of asserted (let alone confirmed) Constitution-violative conduct by Gordon. This Court therefore grants D. Motion 8 pursuant to Evid. Rule 404(b), without any need to engage in Evid. Rule 403 balancing.

D. Motion 10, which seeks "[t]o bar evidence of a 'Police Code of Silence,'" really cannot be ruled upon as a motion in

limine.  Whatever pro-plaintiff inferences the trier of fact may properly be urged to draw on that score will be a function of evidence that may be admitted at trial without running afoul of Evid Rule 404(b).  Hence any decision as to D. Motion 10 is deferred until trial.

D. Motion 16 asks that this Court "bar Plaintiff from calling Trudy Edwards, or other representative of the Illinois State Police, LEADS Department as a witness."  Because Trudy Edwards was unavailable, the State Police designated Heidi Parent ("Parent," whose potential testimony was also targeted in D. Motion 21) to serve in that capacity, and the parties conducted Parent's deposition.  Parent's testimony at trial will serve essentially the same function as that of an official interpreter when a document is in a foreign language--she will decode the highly cryptic abbreviations and entries in the LEADS report, without which explanation the jury would be unable to decipher those hieroglyphics.[2]  Accordingly D. Motions 16 and 21 are denied.

D. Motions 17, 18 and 19 are of the sort that tend to try judicial patience.  They target the admissibility of documents,

---

[2] Indeed, Morris' counsel's March 19 letter submission sensibly suggests the possibility that the parties might confer and agree upon a stipulation as to the relevant entries in the LEADS report, obviating any need for live testimony on the subject by Parent or anyone else.  While that possibility may be taken under advisement by Gordon's counsel, the ruling next stated in the text will stand in the absence of any such agreement.

as to the genuineness of which there appears to be little question, by raising objections as to foundation or authentication or both. When such objections show up in an FPTO, this Court usually makes it plain at the ensuing conference that such objections are expected to be eliminated by a conference between counsel well in advance of trial (preferably without, but if necessary with, the utilization of Evid. Rule 902(11), which was added during this Court's tenure as Chairman of the Judicial Conference's Advisory Committee on the Rules of Evidence).[3] D. Motions 17, 18 and 19 are denied.

## Conclusion

This Court appreciates the efforts of both sides' counsel in cutting back and eliminating a number of the initially-advanced motions in limine. This memorandum order has spoken to the remaining unresolved motions with a single necessary exception, so that all open pretrial items have been dealt with and the case may go forward to trial.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 9, 2010

---

[3] What has been said in the text does not of course apply as to any designated documents that pose a bona fide concern as to whether they are really bogus. But as to all other documents, counsel ought to give serious thought to the impression that they create by advancing such objections, including the possibility that an obstructionist stance may rise up to haunt them at some future point (or even in some future case) when it comes to their own proposed exhibits.