IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHERISE MORRIS </br></br> Plaintiff </br></br> v. </br></br> SGT. SHANE GORDAN, individually, </br> and the CITY OF HARVEY </br></br> Defendants | No.: 07 C 3907 </br></br> Judge Milton I. Shadur |

**DEFENDANT, SGT. SHANE GORDAN'S RULE 50(a)(2) MOTION FOR JUDGMENT
AS A MATTER OF LAW ON PLAINTIFF'S PUNITIVE DAMAGES CLAIMS**

Defendant, Sergeant Shane Gordan ("Sgt. Gordan"), by his attorneys, Daniel C. Murray and Eydie R. Glassman, moves for judgment as a matter of law on Plaintiff Cherise Morris' ("Morris") claims for punitive damages against him, on the basis that plaintiff has failed to provide sufficient evidence to support a finding that Sgt. Gordan's alleged actions were motivated by an evil intent or involved reckless or callous indifference to Morris' rights. In support of this motion, Sgt. Gordan states as follows:

INTRODUCTION

Morris filed a Second Amended Complaint in this case pursuant to 42 U.S.C. § 1983 alleging that Sgt. Gordan restrained her, battered her, unreasonably seized her, and used excessive force against her in violation of her civil rights. Morris' Complaint also alleges a state law claim of intentional infliction of emotional distress against Sgt. Gordan, which she has stated her intention to dismiss with prejudice. Morris' claims against Sgt. Gordan relate to Sgt. Gordan's encounter with the plaintiff on April 22, 2007.

## STATEMENT OF FACTS

Both at trial and in her deposition, Morris testified that she was walking to her mother's house around 7 p.m. on April 22, 2007 when Sgt. Gordan pulled up beside her and asked her to come to him. (C. Morris Dep. 19:15-24, 21:15-19, 23:15-25:4.) Morris testified that Sgt. Gordan asked for her name and then typed her information into his computer. (C. Morris Dep. 24:13-25:10.) While Sgt. Gordan was on his computer, Morris reportedly asked him three times about why she had been stopped, and, having received no response, turned to walk away. (C. Morris Dep. 26:19-22.) Morris testified that when she did this, Sgt. Gordan got out of his vehicle and grabbed her arm with his hand. (C. Morris Dep. 26:24-27:8.) Morris reportedly brushed his hand off, and kept on going. (C. Morris Dep. 27:3-6.) She then ran over to the other side of the street, where Sgt. Gordan reportedly caught up with her, grabbed the back of her hair, and pushed her to the ground. (C. Morris Dep. 27:14-24.)

Both at trial and in her deposition, Morris testified that Sgt. Gordan directed her to "Get up," and, when she could not, picked her up and helped her over to the police car, where he placed handcuffs on her. (C. Morris Dep. 33:10-22.) Morris testified that Sgt. Gordan then "set [her] down in the back seat of the [police] car" and drove her to her mother's house. (C. Morris Dep. 36:12-15.)

According to Morris' medical records, Morris went to the emergency room at Ingalls Memorial Hospital on April 23, 2007 complaining of knee pain. (Pltf's Ex. 6) The medical records indicate that Morris stated she was stopped by the police, pulled away, ran and fell on her kneecap and that "her leg gave out on her," at around 10 p.m. the night before. (Pltf's Ex. 6) Morris denied having made this statement at her deposition and at trial. (C. Morris Dep. 31:14-32:17.) The doctors noted that Morris had soft tissue swelling but her knee was stable, she was

2

able to walk and bear weight, and her gait was normal. (Ingalls Med. Recs. 91-96.) Morris was released from the emergency room with a diagnosis of knee sprain/contusion. (Ingalls Med. Recs. 92.)

## LEGAL STANDARD

Punitive damages are never awarded as a matter of right. *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999) (*quoting Merriweather v. Family Dollar Stores of Ind.*, 103 F.3d 576, 582 (7th Cir. 1996)). Whether or not punitive damages can be awarded for a particular cause of action is a matter of law for the court to decide. *Cirrincione v. Johnson*, 184 Ill. 2d 109, 116, 703 N.E.2d 67, 70 (Ill. 1998). "Much more than mere negligence is required...before punitive damages may be awarded." *Kyle*, 196 F.3d at 698. Rather, punitive damages are only allowed where the defendant's conduct has been motivated by evil intent, or involves reckless or callous indifference to the rights of the plaintiff, as opposed to mere negligence or mistake. *Id.* (*citing Smith v. Wade*, 461 U.S. 30, 50-51, 103 S. Ct. 1625, 1637 (1983). "Reckless" activity has been characterized by the Seventh Circuit as activity undertaken with knowledge that the activity violates or is highly likely to violate someone's rights. *Soderbeck v. Burnett County*, 752 F.2d 285, 290-91 (7th Cir. 1985) ("[A] condition of awarding punitive damages [is] that the defendant almost certainly knew that what he was doing was wrongful and subject to punishment.").

Pursuant to Federal Rule of Civil Procedure Rule 50(a)(2), a motion for judgment as a matter of law may be made at any time before a case is submitted to the jury. If, after hearing all of the evidence on an issue, the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the plaintiff on that issue, the court may either resolve the issue against the plaintiff or grant a motion for judgment as a matter of law against the plaintiff. Fed. R. Civ. Pro. 50(a)(1). In order to succeed on a motion for judgment as a matter of law on the

issue of punitive damages, a defendant "must show (as with a *Rule 56* motion) that when the evidence is considered in the light most favorable to [the plaintiff] with the benefit of all reasonable inferences, no reasonable jury could return a verdict for punitive damages in [plaintiff's] favor." *Maytag v. Dewick*, 324 F. Supp. 2d 894, 900 (N.D. Ill. 2004).

In the instant case, setting aside all of the inconsistencies in the evidence presented by Morris, the evidence presented is insufficient to support a finding that Sgt. Gordan's actions during his April 22, 2007 stop of Morris were motivated by an evil intent or reckless or callous indifference to Morris' rights. *See Hulbert v. Wilhelm*, 120 F.3d 648, 657 (7th Cir. 1997) (affirming the district judge's decision not to instruct the jury on punitive damages in a § 1983 action where the evidence was insufficient for a jury to find that the defendant had acted with reckless or callous indifference); *McCardle v. Haddad*, 131 F.3d 43, 53 (2nd Cir. 1997) (affirming the district court's decision not to instruct the jury on punitive damages where the evidence was sufficient for the jury to conclude that the defendant officer's search of the plaintiff's vehicle exceeded his legal authority, but was not sufficient to support a finding that the defendant had acted with malice or any other evil motive). As such, Sgt. Gordan is entitled to judgment as a matter of law on Morris' punitive damages claims.

## ARGUMENT

Morris is not entitled to punitive damages in this case because she has failed to provide sufficient evidence for the jury to find that Sgt. Gordan's actions during his April 22, 2007 stop of Morris were motivated by an evil intent or reckless or callous indifference to Morris' rights. The instant case can be likened to *Morales v. The City of New York*, No. 99 CIV. 10004 (DLC), 2000 U.S. Dist. LEXIS 18711, at *20 (S.D.N.Y Dec. 29, 2000), in which the United States District Court for the Southern District of New York granted the defendant's motion for

judgment as a matter of law on the plaintiff's claims for punitive damages following a jury verdict in favor of the plaintiff. The facts in *Morales*, as recited by the plaintiff, were as follows: the plaintiff was walking one morning when a plain clothed officer came up to her and grabbed her by the shoulders with both hands. *Id.* at *2. The plaintiff testified that she struggled and screamed, and the officer tightened his grip on her shoulders, grabbed her arms, and tried to hold her legs with his legs. *Id.* Then, the officer pulled her to an unmarked police car and forced her into the back seat. *Id.* When the plaintiff's torso was in the car, he handcuffed her behind her back and forced her legs inside. *Id.* at *3. She was later released while still at the scene and refused a ride home. *Id.* Morales went to the hospital on the following day and was treated for pain. *Id.* at 6. She reportedly developed "dark bruises" on her right arm and leg as a result of the incident,[1] and had to undergo counseling. *Id.* at 5-6. Morales filed an action pursuant to 42 U.S.C. § 1983 alleging excessive force, among other claims. *Id.* at *1-2. The jury returned a verdict in favor of Morales on her excessive force claim and awarded her compensatory and punitive damages. *Id.* at *2. The defendant filed a motion for judgment as a matter of law. *Id.* The district court determined that judgment as a matter of law was not appropriate with regard to the plaintiff's excessive force claim because it found that there was sufficient evidence on which the jury could have based its decision that the defendant officer used excessive force on the plaintiff. *Id.* at *18-19. However, the court held that punitive damages were not appropriate, because there was "no evidence in the record that [the defendant officer's] conduct approached the degree of reprehensibility necessary to merit punitive damages," and, "[a]t most, [the defendant officer] was unnecessarily rough in subduing Morales, as she struggled, and in forcing her into his car." *Id.* at *20. As such, the court granted defendant's motion for judgment as a

---

[1] The plaintiff's expert testified that one of her bruises was consistent with being struck by a heavy object, such as a police radio, but the plaintiff did not recall being struck by any such object. *Morales*, 2000 U.S. Dist. LEXIS 18711, at *21.

matter of law with respect to the award of punitive damages that the jury had awarded in connection with Morales' excessive force claim. *Id.*

In the instant case, as in *Morales*, Morris has failed to provide any evidence that Sgt. Gordan was motivated by an evil intent or acted with reckless or callous indifference to her rights during the April 22, 2007 stop. Morris herself testified that she did not recall Sgt. Gordan making any verbal or physical threats against her prior to her running away. (C. Morris Dep. 55:12-21.) Furthermore, she testified at trial that Sgt. Gordan said nothing to her prior to throwing her down. Moreover, any allegation that Sgt. Gordan acted with evil intent or reckless or callous indifference is belied by Morris' own testimony both at trial an in her deposition that he gave her a ride to her mother's house following the alleged incident. (C. Morris Dep. 36:12-15).

As set forth above, because Morris has not provided sufficient evidence for the jury to conclude that Sgt. Gordan acted with the necessary malice required to support an award for punitive damages, this Court should follow the reasoning of the Southern District of New York in *Morales*, and grant Sgt. Gordan's motion for judgment as a matter of law on the issue of punitive damages.

## CONCLUSION

Defendant, Sergeant Shane Gordan, respectfully moves this court to enter judgment as a matter of law in his favor and against the Plaintiff, Cherise Morris, on her claims for punitive damages against this Defendant.

Respectfully submitted this 17th day of April 2011

CITY OF HARVEY AND OFFICER SHANE GORDON

By  /s/ Daniel C. Murray

Daniel C. Murray  
Eydie R. Glassman  
JOHNSON & BELL, LTD.  
Suite 2700  
33 West Monroe Street  
Chicago, Illinois 60603-5404  
(312) 984-0226